IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHELLE METTS
:
   v.  :  Civil Action No. DKC 10-0466
:
AIRTRAN AIRWAYS, INC.
:

**MEMORANDUM OPINION**

Presently pending and ready for review in this negligence case is the motion of Defendant Airtran Airways to preclude plaintiff from offering expert testimony. (Paper 17). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendant's motion will be denied.

**I. Background**

Plaintiff Michelle Metts is a resident of Prince George's County, Maryland. (Paper 2 ¶ 1). Defendant Airtran Airways, Inc. ("Airtran") is a Florida corporation doing business in Maryland. Plaintiff alleges that she slipped on a set of earphones while boarding an Airtran plane in Atlanta, Georgia that was bound for Baltimore, Maryland. (*Id.* at ¶ 6). Plaintiff allegedly suffered serious injuries as a result of the

fall and brought suit against Defendant for negligence. (*Id.* at ¶¶ 7-9).

Plaintiff initially filed suit in the Circuit Court for Prince George's County, Maryland. (Paper 2). The case was removed to federal district court on February 26, 2010 (Paper 1), and a scheduling order was issued on March 12, 2010. (Paper 9). By request of the parties, the discovery deadlines were extended in June 2010. (Papers 13 and 14). Per the amended scheduling order, Plaintiff's initial Rule 26(a)(2) expert disclosures were due August 11, 2010, Plaintiff's rebuttal Rule 26(a)(2) disclosures were due September 24, 2010, and both parties' supplementation of expert disclosures was due on October 1, 2010. (Paper 13).

Plaintiff failed to serve any expert disclosures until September 3, 2010. (Paper 17, Exhibit A). Defendant explains that after Plaintiff failed to submit her expert disclosures when due on August 11, counsel contacted Plaintiff's counsel to inquire. Plaintiff's counsel failed to respond to this and a subsequent email, but finally responded via telephone that he had been busy with other matters and would provide the disclosures sometime in the next few weeks. (Paper 17, at 3). Plaintiff's disclosures provided in early September identified four individuals she intends to call as experts at trial: Dr. Mark Cohen, her treating physician, Estelle Davis, an expert in

the field of rehabilitation and vocational counseling, Diana Fairchild, an expert in the field of airline cabin procedures, and Richard Edelman, Ph.D., an expert in the field of forensic economics. (*Id.*). Plaintiff's disclosures contained only a short paragraph summary of the testimony that each expert would give and did not include full reports. (*Id.*). On September 10, 2010, Defendant moved to amend the scheduling order to extend the deadline for submission of its expert disclosures in light of Plaintiff's delayed submission (Paper 15) and to preclude Plaintiff from offering expert testimony. (Paper 17). Plaintiff did not oppose the motion to amend the schedule, but she did file an opposition to Defendant's motion to exclude her expert testimony on September 27, 2010, (and simultaneously submitted a report from rehabilitation and vocational counseling expert Estelle Davis) and therein requested that she be given an extension until October 29, 2010, to submit the remainder of her expert disclosures. (Paper 19). Defendant submitted a reply to Plaintiff's opposition on October 6, 2010. (Paper 21).[1]

---

[1] Plaintiff submitted a response to Defendant's reply memorandum on October 12, 2010. Under the Local Rules, surreply are not permitted unless otherwise ordered by the Court. Local Rule 105.2(a). Plaintiff did not seek leave of court to file the surreply and does not offer any explanation of why an additional response is required. Accordingly, Plaintiff's surreply will not be considered.

## II. Analysis

### A. Motion to Preclude Expert Testimony

Defendant argues that Plaintiff should be precluded from presenting expert testimony because her disclosures were untimely and grossly inadequate. (Paper 17, at 2). Defendant points out that in addition to the twenty-seven day delay, Plaintiff's disclosures did not include formal written reports, did not disclose the opinions of the proffered experts, and did not disclose the bases for their opinions. (*Id.* at 4). Defendant also highlights Plaintiff's failure to provide all of the required information regarding the experts' training, experience, and compensation. (*Id.* at 6). Defendant maintains that the inadequacies of Plaintiff's report significantly impeded its ability to prepare its own reports and argues that if Plaintiff is allowed to provide supplemental information in the future or at trial, Defendant will be prejudiced. (*Id.*).

In response, Plaintiff argues that because the court granted Defendant's motion for an extension of time to file its expert reports, any prejudice to Defendant by her late submission has been ameliorated. (Paper 19 ¶ 3). In addition, Plaintiff argues that her reports were late because of delays getting information that was necessary to complete the reports from both her experts and Defendant, including Defendant's Cabin Cleaning Manual. (*Id.* at ¶¶ 5-7).

Several Federal Rules of Civil Procedure speak to the parties' dispute. Rule 26(a)(2) imposes disclosure requirements for expert witnesses "retained or specially employed to provide expert testimony in the case." Fed.R.Civ.P. 26(a)(2)(B). Specifically for such witnesses, the expert disclosure must "be accompanied by a written report prepared and signed by the witness" which includes:

> a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B).[2] Rule 37(c)(1) provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed." Fed.R.Civ.P. 37(c)(1). It is the burden of the

---

[2] The parties agree that Plaintiff's treating physician, Dr. Mark Cohen, should be classified as a hybrid fact/expert witness for whom no formal expert report is required under Local Rule 104.10.

5

party facing sanctions to show that the failure to comply was either substantially justified or harmless. *Carr v. Deeds*, 453 F.3d 593, 602 (4th Cir. 2006).

In determining whether the automatic exclusion provisions of Rule 37(c)(1) should be applied to exclude expert testimony, courts consider four factors: (1) the importance of the excluded testimony; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 506-507 (D.Md. 1997)(citing *Trilogy Commc'ns, Inc. v. Times Fiber Commc'ns, Inc.*, 109 F.3d 739, 744 (Fed.Cir. 1997)). Excluding expert testimony "is an extreme sanction" and, if the evidence is critical, one "not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of the court order by the proponent." *Soufflas v. Zimmer, Inc.*, 474 F.Supp. 2d 737, 745, n. 4 (E.D.Pa. 2007)(quoting *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 905 (3d Cir.1977), *overruled on other grounds by Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir.1985));*see also Derrickson v. Circuit City Stores, Inc.*, No. DKC 95-3296, 1999 WL 1456538 (D.Md. Mar. 19, 1999)("exclusion is a harsh sanction").

Factors one, three, and four weigh in Plaintiff's favor. First, the testimony Defendant seeks to exclude is of critical importance to Plaintiff's case. Without expert testimony, Plaintiff likely will be unable to establish the requisite standard of care and a breach thereof necessary for her negligence case. Plaintiff may also be unable to present a case for damages without expert testimony. Second, the potential prejudice to Defendant is minimal. The court has already granted Defendant an extension of its deadline to submit expert reports. (Paper 18). If Plaintiff's complete reports are submitted by the end of October, Defendant will have more than a month to prepare its own reports and respond to Plaintiff's expert reports. Moreover, as no trial date has been set, surprise on the eve of trial resulting from Plaintiff's late submission is not a concern.

The second factor does weigh in favor of preclusion. Plaintiff's justification for the delay is severely lacking. Plaintiff has argued that her failure to file on time was because her vocational counseling and rehabilitation expert "due to her own problems, did not provide her report to Plaintiff's Counsel until September 27, 2010." (Paper 19 ¶ 5). Plaintiff further maintains that the delay getting this expert's report delayed the forensic economist's expert report because that expert needed information from the vocational counseling and

rehabilitation expert to complete his analysis. *See id.* Plaintiff does not provide any explanation for the vocational counseling and rehabilitation expert's delay and does not demonstrate that she worked diligently to obtain the report in accordance with the scheduling deadlines. Plaintiff maintains that her airline cabin procedure expert's report was delayed because of Defendant's delay in providing requested documents, namely a cabin safety manual, but Plaintiff has not demonstrated that she exercised due diligence in obtaining these materials from Defendant. (*Id.* at ¶ 7). Moreover, Plaintiff has provided no explanation for her failure to seek an extension of the discovery deadlines before the reports were due. Nor has Plaintiff even attempted to explain or excuse her failure to provide information regarding the qualifications, prior testimony, or compensation rates of her expert witnesses as required by the Federal Rules.

While Plaintiff's explanations for her delay are insubstantial, Defendant's motion to preclude all of Plaintiff's expert testimony will not be granted at this time. Striking expert testimony is a particularly harsh sanction and in this case almost certainly would be outcome determinative. Still Plaintiff is reminded that the court deadlines are not mere suggestions or guideposts. Failure to abide by them in the future will result in more drastic sanctions.

**B. Motion to Amend Scheduling Order**

Plaintiff's opposition to Defendant's motion includes a request that she given until October 29, 2010, to provide the remainder of her expert reports. Although not labeled as such or properly submitted, the court will consider this as motion to amend the scheduling order.

Generally, district courts have broad discretion to manage the timing of discovery. *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 682 (4th Cir. 1986), *cert. denied*, 480 U.S. 934, (1987). Where a party moves to amend a scheduling order after a deadline has passed, two Federal Rules of Civil Procedure are implicated: 6(b)(1)(B) and 16(b). Fed.R.Civ.P. 6(b)(1)(B) provides that a court may "extend the time [to file] on motion made after the time has expired if the party failed to act because of excusable neglect." Fed.R.Civ.P. 16(b) governs the modification of a scheduling order and requires that the moving party demonstrate good cause for a modification. The excusable neglect standard in Rule 6 is a higher burden to satisfy, and the Fourth Circuit has noted that " '[e]xcusable neglect' is not easily demonstrated, nor was it intended to be." *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996). In deciding whether neglect is excusable, "the determination is . . . an equitable one, taking account of all relevant circumstances surrounding the party's omission," including "the

danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, (1993).

As discussed above, although Plaintiff's explanation for her delay is largely unsatisfactory, allowing Plaintiff to submit expert reports by the end of October will have a limited, if any, prejudicial effect on Defendant and the court. Accordingly, the court will exercise its discretion and grant Plaintiff's request to extend the deadline for her expert reports until October 29, 2010.

### III. Conclusion

For the foregoing reasons, Defendant's motion to preclude Plaintiff from offering expert testimony will be denied, and Plaintiff's request for an extension of time to submit its remaining expert reports will be granted. A separate Order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge